UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

**MATHEW STEINBRECHER,**
Plaintiff,

Civil Action No.
2:26-cv-7821

v.

**FEDEX FREIGHT, INC.; and**
**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
Defendants.

## COMPLAINT FOR BENEFITS UNDER ERISA

Plaintiff Mathew Steinbrecher, through counsel, alleges as follows:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff Mathew Steinbrecher resides in Ohio. He was employed by Defendant FedEx Freight, Inc. as a Road Driver and was a participant in its Short Term Disability Plan (the Plan).

2. Defendant FedEx Freight, Inc. is an Arkansas corporation. It maintains and operates a freight service center at 2509 Bristol Pike, Croydon, Bucks County, Pennsylvania, within this District.

3. FedEx Freight established the Plan to provide short term disability benefits to covered employees. The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).

4. FedEx Freight is the Plan Administrator and a named fiduciary. The Plan is self funded from FedEx Freight’s general assets, and FedEx Freight is responsible for payment of benefits due under the Plan.

5. Defendant Hartford Life and Accident Insurance Company is the Plan’s Claims Paying Administrator. It has authority to interpret the Plan and determine claims and administrative appeals, including eligibility for benefits.

6. Hartford exercised that authority in deciding Plaintiff’s claim and appeal. FedEx Freight remains responsible for funding benefits due under the Plan.

7. This action seeks benefits due under the terms of an ERISA plan under 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1) and (f).

8. Venue is proper in the Eastern District of Pennsylvania under 29 U.S.C. § 1132(e)(2), because a defendant may be found in this District. FedEx Freight maintains and operates its freight service center at 2509 Bristol Pike, Croydon, Bucks County, Pennsylvania. In addition, upon information and belief, Hartford conducts insurance and employee benefits business with employers and plan participants in this District and may be found here.

## THE PLAN AND CLAIM HISTORY

9. The Plan provides short term disability benefits to covered employees who meet its disability and eligibility requirements, including at least seven consecutive days absent from work on account of disability.

10. During 2025, Plaintiff sustained a shoulder condition that limited use of his shoulder and arm and prevented him from performing the material duties of his regular Road Driver job. He received medical care and remained subject to work restrictions. He was unable to earn the level of earnings required by the Plan from work in that regular job.

11. Plaintiff was absent from work because of that condition for at least seven consecutive days before attempting temporary modified work.

12. The temporary assignment involved duties different from Plaintiff's regular Road Driver work. It did not restore his ability to perform his regular job or constitute a return to a permanent Road Driver position.

13. Plaintiff submitted a claim for STD benefits, identified as claim number 50139925. Hartford denied the claim on the ground that Plaintiff had not satisfied the Elimination Period before his attempted return to modified work.

14. Plaintiff appealed and submitted information supporting his disability, work restrictions, and the temporary nature of his assignment.

15. Plaintiff completed the required administrative appeal process. Hartford issued a final decision upholding the denial, and Plaintiff exhausted the Plan's available administrative remedies.

16. In denying the claim, Hartford treated the temporary assignment as disqualifying without properly applying the Plan's terms to Plaintiff's inability to perform his regular job and his completed period of absence.

17. Plaintiff has not received the STD benefits due under the Plan for the covered disability periods after the Elimination Period.

## COUNT I BENEFITS DUE UNDER ERISA

18. Plaintiff incorporates the preceding allegations.
19. Plaintiff was a covered Plan participant who met the applicable disability requirements and satisfied the Elimination Period during the benefit periods at issue.
20. FedEx Freight is responsible for payment of benefits, and Hartford controlled the claim and appeal determinations. Defendants denied and withheld Plaintiff's benefits contrary to the Plan's terms despite his entitlement to those benefits.
21. Plaintiff is entitled under 29 U.S.C. § 1132(a)(1)(B) to recover the STD benefits due to him under the Plan.

## PRAYER FOR RELIEF

Plaintiff requests judgment in his favor and against Defendants, according to their respective Plan roles:

A. Declaring Plaintiff entitled to STD benefits under the Plan for the covered periods after the Elimination Period and ordering FedEx Freight to pay the benefits due, with Hartford to implement the determination and calculation under its claims role, subject to applicable earnings and other income reductions;

B. Alternatively, remanding the claim to Hartford for a full and fair benefit determination under the operative Plan terms and the complete administrative record, with FedEx Freight to fund any benefits found due;

C. Awarding prejudgment interest on benefits due in an amount and at a rate the Court finds appropriate;

D. Awarding reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1); and

E. Granting such other relief as is appropriate under 29 U.S.C. § 1132(a)(1)(B).

Respectfully submitted,

**FEDEN LAW GROUP PLLC**

Nicholas Feden, Esquire
Counsel for Plaintiff
711 West Ave.
Jenkintown, PA 19046
(267) 234-7465
nfeden@fedenlawgroup.com